WINTHROP AMES, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 42288. Promulgated February 11, 1933.

*Burton E. Eames, Esq.*, for the petitioner.
*Arthur Carnduff, Esq.*, for the respondent.

OPINION.

Matthews: There is no dispute as to the facts in this case or as to the computation of the deficiency. The sole question presented is whether the loss sustained by the petitioner in 1922 is a net loss within the meaning of section 204 of the Revenue Act of 1921 so that the unabsorbed portion thereof may be deducted in computing petitioner's taxable income for 1924. In order to constitute a net loss which may be applied against petitioner's income of succeeding years in accordance with the provisions of the statute it must be shown that the loss resulted from the operation of a business regularly carried on by the petitioner. It is pertinent to determine what was the business of the petitioner in 1922 and whether the loss which the petitioner is here seeking to deduct arose from the operation of the petitioner's business in that year.

We have found that in 1912 petitioner organized a corporation, Office of Winthrop Ames, Inc., to engage in the business of producing plays, which business he had been conducting as an individual. From the time of organization of the corporation until it was liquidated in 1922 the corporation was the medium through which the petitioner carried on his work of selecting, producing and financing theatrical productions. Petitioner owned all of the outstanding stock of the corporation and no one else was associated with him in managing the affairs of the corporation. Petitioner financed the corporation in all its undertakings, supplying the necessary capital for the business by making personal loans to the corporation. There was not charged off on petitioner's books at any time prior to 1922 any loss on account of advances made by him to the corporation. The corporation sustained continuous losses from the date it was organized to and including the year 1920. In 1921 the corporation books showed a profit. In 1922 the corporation, being unable to repay the advances made by petitioner, confessed judgment in favor of the petitioner in the sum of $719,223.68. The amount of the judgment was subsequently reduced to $504,372.18. Petitioner took over all the assets of the corporation and the corporation was liquidated. For 1922, 1923 and 1924 the business as conducted by the petitioner was profitable.

The respondent does not deny that the corporation was the medium through which the business of selecting and producing plays was carried on, but argues that the loss sustained by the petitioner in 1922 was a loss on account of a bad debt or from an investment that became worthless in that year and did not represent a net loss which might be carried over as a deduction from income of succeeding years. We agree with respondent's contention that the

loss suffered by the petitioner in 1922 as a result of the liquidation of the corporation, Office of Winthrop Ames, Inc., does not represent a loss incurred in the operation of the petitioner's business within the purview of the statute. This loss did not result from the production of plays in 1922 by either the petitioner or the corporation, but grew out of the inability of the corporation to repay the loans made to it by the petitioner over a period of eleven years. The corporation had operated at a loss each year through 1920, but the business was profitable from 1921 to 1924, inclusive. After the petitioner took over the corporation's assets in 1922 he continued the business in his own name.

Petitioner was not regularly engaged in organizing and financing corporations or in buying and selling corporate securities. He was the sole stockholder of Office of Winthrop Ames, Inc.; only $1,000 in stock was ever issued of a total authorized capital of $10,000. As stated above, when the corporation was liquidated petitioner's loss was not limited to that of a mere stockholder in a corporate enterprise, but included the entire net amount advanced by him to the corporation, which had remained an open account upon his personal books throughout the life of the corporation. Until 1922 petitioner expected the corporation ultimately to become profitable. It is clear that this total amount owing to him by the corporation in 1922 can not be considered to be a business loss sustained by the petitioner in that year.

Since the hearing of this proceeding the Supreme Court of the United States has decided three cases in each of which the point is made that a corporation and its stockholders are generally to be treated as separate entities: *Burnet* v. *Clark*, 287 U. S. 410; *Dalton* v. *Bowers*, 287 U. S. 404; and *Burnet* v. *Commonwealth Improvement Co.*, 287 U. S. 415. The first two involved claims for net losses by stockholders. In the *Clark* case it was held by the Supreme Court that certain losses which the taxpayer sustained by reason of having to pay corporate notes which he had endorsed and from selling corporate stocks did not give rise to a net loss under the Revenue Act of 1921. In the *Dalton* case it was held that the loss sustained by the taxpayer upon the dissolution of a corporation organized by him represented a loss of his investment in the stock of the corporation and was not attributable to the operation of a trade or business within the meaning of the net loss provisions of the statute.

Although the facts of those cases are not identical with the facts of the instant case, we consider that the circumstances of the instant

case are not such as to remove it from the application of the principles laid down in those decisions. We conclude that the petitioner is not entitled to the deduction which he is claiming herein.

Reviewed by the Board.

*Judgment will be entered for the respondent.*